UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEPHENSON CHRISOSTOME,                          :
                                                 :
                        Petitioner,              :
                                                 :     **DECISION & ORDER**
          v.                                     :     19-CV-1890 (WFK)
                                                 :
LEORY FIELD, Superintendent,                     :
                                                 :
                        Respondent.              :
-------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**  On April 2, 2019, Stephenson
Chrisostome ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  ECF No. 1 ("Petition").  For the reasons discussed below, the petition for the
writ of habeas corpus is DENIED in its entirety.

## BACKGROUND

### I.    Conviction and Sentencing

On June 10, 2014, at approximately 10:37 p.m., on Rugby Road, between Ditmas and

Dorchester Avenues in Brooklyn, five men, including Petitioner, approached Jephthe Brutus.

Resp. Aff. In Opp. to Petition ("Resp. Aff.") ¶ 5, ECF No. 14.  Petitioner told Brutus to empty

his pockets.  *Id.*  When Brutus refused, Petitioner hit Brutus in the mouth.  *Id.*  Brutus fell to the

ground, and Petitioner and the other men punched and kicked him.  *Id.*  Petitioner pulled a knife

from his pocket and attempted to stab Brutus in the torso.  *Id.*  Petitioner and the other men took

Brutus's bookbag and wallet.  *Id.*  Robert Harris, a witness to the incident, called 911.  *Id.*

Brutus told the police what had happened, and the police and Brutus canvassed the neighborhood

in a patrol car.  *Id.*  Brutus saw Petitioner and his co-defendant Darly Raymond walking with

another man.  *Id.*  Petitioner was holding Brutus's bookbag.  *Id.*  The other man ran away when

the police car stopped and the police arrested Petitioner and Raymond.  *Id.*

Petitioner was charged with one count of Robbery in the First Degree, one count of

Robbery in the Second Degree, one count of Assault in the Second Degree, one count of

Criminal Possession of Stolen Property in the Fifth Degree, one count of Assault in the Third

Degree, and related counts.  *Id.* ¶ 6.  Petitioner pled not guilty and proceeded to trial.

    The jury found Petitioner guilty of First and Second Degree Robbery and Second Degree

Assault.  *Id.* ¶ 7.  On December 18, 2015, Petitioner was sentenced to ten years of imprisonment

on each of the robbery counts and five years of imprisonment on the assault count, all terms of

imprisonment to run concurrently and to be followed by five years of post-release supervision.

*Id.*  On January 7, 2016, the court amended the original sentence by reducing the period of post-

release supervision on the assault count from five years to three years, because the statutory

maximum for post-release supervision for a first felony offender convicted of Second Degree

Assault was three years, not five years.  *Id.*

**II.     Post-Conviction Activity**

    Petitioner appealed his conviction to the New York Supreme Court, Appellate Division,

Second Department (hereinafter, "Appellate Division"), claiming: (a) the admission at trial of a

recording of a Rikers Island telephone call that Petitioner had placed violated his constitutional

rights, (b) he was denied a fair trial by the trial court's refusal to order the People to turn over to

the defense copies of the recordings of all of Petitioner's other telephone calls that he made from

Rikers Island, (c) he was denied a fair trial by the trial court's failure to give the jury a "one

witness" identification charge, and (d) his sentence was excessive.  *Id.* ¶ 8.  By memorandum

decision and order dated December 5, 2018, the Appellate Division unanimously affirmed the

judgment of conviction.  *People v. Chrisostome*, 167 A.D.3d 644 (2d Dep't 2018).

    The Appellate Division, in affirming the judgment of conviction, found that the trial court

"providently exercised its discretion" in permitting the People to offer evidence of a telephone

call the Petitioner made while in pretrial detention at Rikers Island Correctional Facility, as the

probative value of the Petitioner's admission to his involvement in the incident outweighed its prejudicial effect. *Id.* The Appellate Division held that "[t]he [trial] court's ruling did not violate the [Petitioner's] constitutional rights to be free from unreasonable searches, to due process, and to equal protection," because, "[c]ontrary to the [Petitioner's] argument, he impliedly consented to the monitoring and recording of his telephone conversations by using the telephones despite being notified in several different ways that such calls were being monitored." *Id.* (citations omitted). The Appellate Division further held that "[t]he [Petitioner's] contention that any consent he gave was involuntary [was] unpreserved for appellate review and, in any event, without merit." *Id.* (citations omitted).

Additionally, the Appellate Division held that the trial court "properly denied the [Petitioner's] pretrial request to listen to recordings of other telephone calls he made from Rikers Island," because, "[u]nder the circumstances of this case, the other recordings were not subject to the disclosure requirements of [N.Y. Crim. Proc. Law §§] 240.20 or 240.45." *Id.* The Appellate Division also held that the Petitioner's "contention that the [trial court] improvidently exercised its discretion in denying his request for an expanded identification charge is without merit," because "[t]he instruction given sufficiently apprised the jury that the reasonable doubt standard applied to identification," and because "the charge as a whole was otherwise adequate to apprise the jury of the correct legal principles to be applied to the case." *Id.* (citations omitted). The Appellate Division found that Petitioner "failed to preserve for appellate review his contention that the [trial court] considered improper factors in imposing sentence," and that, "[i]n any event," that "contention is without merit." *Id.* (citations omitted). Finally, the Appellate Division held that "[t]he sentence imposed was not excessive." *Id.* (citations omitted).

By letter dated January 15, 2019, Petitioner sought leave to appeal to the New York

Court of Appeals.  Resp. Aff. ¶ 11.  By decision dated February 13, 2019, Petitioner was denied

leave to appeal to the New York Court of Appeals.  *People v. Chrisostome*, 32 N.Y.3d 1202

(2019).  On April 2, 2019, Petitioner filed a petition for a writ of habeas corpus in this Court.

Petition, ECF No. 1.  In the petition, Petitioner raises all of the claims he raised on direct appeal

in state court.  However, Petitioner also requested a stay "until all state remedies are fully

exhausted," implying he wished to raise additional claims that were unexhausted.  *Id.* ¶¶ 1, 13.

On June 6, 2019, Respondent asked the Court to "reject [Petitioner's] application for a stay and

abeyance and instead, dismiss [Petitioner's] petition without prejudice."  *See* ECF No. 4 at 2.

Respondent interpreted the Petition to suggest Petitioner wished to bring an unexhausted *Brady*

claim and advised the Court that should the petition be dismissed without prejudice, Petitioner

would have until May 14, 2020 (one year after his conviction became final) to file an amended

habeas petition.  *Id.*  Nevertheless, the Respondent argued that any "*Brady* claim is plainly

meritless" and Petitioner "failed to show good cause for failing to exhaust his remaining state

remedies."  *Id.*

On July 8, 2019, Petitioner filed a letter stating he "d[id] not oppose[] dismissing

the petition without prejudice as the most prudent course of action enabling Petitioner

time to research, edit and brief unexhausted claims."  ECF No. 6 at 1.  In conclusion,

Petitioner wrote, "dismissal without prejudice should be GRANTED in its entirety,

alternatively, whether the [*Brady*] claim is properly exhausted is deferred to the court to

decide upon in camera inspection, and any further relief this Court deem just and proper."

*Id.* at 3.

On July 24, 2019, Petitioner filed a second letter with the Court.  ECF No. 7.  In

the letter, Petitioner requested "discovery and expanding the record to include one

hundred sixty four (164) phone record[s] in keeping with Rule 8 of the Rule Governing Section 2254 cases in the United States District Court concurrently with Rule 7 request to expend [sic] the record therefrom, and furnish said material to the Court for in camera inspection review." *Id.* at 1.

On September 11, 2020, this Court ordered Respondent to respond to Petitioner's letter requesting discovery and to expand the record. ECF No. 8. On September 25, 2020, Respondent filed an affidavit in opposition to Petitioner's request for *in camera* review of material not before the state court and in opposition to Petitioner's motion to expand the record to include that material. ECF No. 9. On October 27, 2020, this Court denied Petitioner's request for discovery and to expand the record and ordered both parties to "file a letter with the Court indicating whether Petitioner has completed exhaustion of his state court remedies." ECF No. 10.

On January 29, 2021, Respondent filed a letter stating, "[t]o the extent petitioner is raising in his habeas petition the same claims that he raised in his Appellate Division brief, as stated in paragraph 10 of his petition, dated March 13, 2019, in which he incorporated by reference the claims raised in paragraph 8 of his petition, which in turn restates in substance the claims raised in his state appeal, his claims are exhausted." ECF No. 12. On February 19, 2021, this Court ordered Respondent to file a complete and entire answer or other pleading in response to the Petition by March 19, 2021. ECF No. 13. The order also directed Petitioner to file a reply by April 9, 2021 at 5:00 P.M. *Id.* On March 19, 2021, Respondent filed a complete response to the Petition. ECF No. 14. To date, Petitioner has not filed a reply. For the reasons that follow, Petitioner's petition for a writ of habeas corpus is DENIED in its entirety.

**LEGAL STANDARD**

This Court's review of Petitioner's petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  The Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In order to obtain relief, an individual in custody must demonstrate, *inter alia*, that he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal *habeas* review; and (3) satisfied the deferential standard of review set forth in AEDPA, if his appeals were decided on the merits.  *See e.g.*, *Edwards v. Superintendent, Southport C.F.*, 991 F.Supp.2d 348, 365–66 (E.D.N.Y. 2013) (Chen, J.); *Philbert v. Brown,* 11–CV–1805, 2012 WL 4849011, at *5 (E.D.N.Y. Oct. 11, 2012) (Garaufis, J.).

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  *Harrington v. Richter,* 562 U.S. 86, 103 (2011) (internal quotation marks and citation omitted).  As the statute instructs:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so."  *Ryan v.*

6

*Miller*, 303 F.3d 231, 245 (2d Cir.2002) (citing *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir.2001)) (internal quotation marks, alterations, and emphases omitted).  The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

Furthermore, a federal *habeas* court "will not review questions of federal law presented in a *habeas* petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101–102 (2d Cir. 2011) (citations and internal quotation marks omitted; italics added).

## DISCUSSION

### I.  Petitioner's First Claim

Petitioner's first claim concerns a call he made to his ex-girlfriend on July 1, 2014, while incarcerated at Rikers Island.  Resp. Aff. ¶ 7.  On the call, Petitioner admits to having beaten Brutus, but denies having robbed him.  *Id.*  The call was admitted into evidence at trial over defense counsel's objection.  *See* Trial Transcript, ECF Nos. 14-1, 14-2, 14-4, 14-4, 14-5 at 7-8 ("Tr.").  Petitioner claims this was error.  Specifically, Petitioner argues, he did not consent to the dissemination of the call to the prosecutor, he never voluntarily consented to the recording of the calls, and the admission of the call at trial was unconstitutional and highly prejudicial.  On direct appeal, the Appellate Division wrote with respect to this claim,

> The Supreme Court providently exercised its discretion in permitting the People to offer evidence of a telephone call the defendant made while in pretrial detention at Rikers Island Correctional Facility, as the probative value of the defendant's admission to his involvement in the incident outweighed its prejudicial effect.  The court's ruling did not violate the defendant's constitutional rights to be free from unreasonable searches, to due process, and to equal protection.  Contrary to the defendant's argument, he impliedly consented to the monitoring and recording of his telephone conversations by using the telephones despite being notified in several different ways that such calls were being monitored.  The defendant's contention that any consent he gave was involuntary is unpreserved for appellate

review and, in any event, without merit.

*People v. Chrisostome*, 167 A.D.3d at 644–45(2018) (internal citations omitted).  As an initial matter, Petitioner's claim that he did not consent to monitoring and recording of his telephone conversations is unreviewable on federal habeas review because the state court rejected the claim on an independent and adequate state ground.  The New York State procedural rule regarding contemporaneous objections, N.Y. Crim. Proc. Law § 470.05(2), states that all parties must make a specific contemporaneous objection at trial in order to preserve an issue for appellate review. *See Gonzalez v. Cunningham*, 670 F. Supp. 2d 254, 261 (S.D.N.Y. 2009) (Marrero, J.) (The "Second Circuit recognizes New York's contemporaneous objection rule as an independent and adequate state procedural rule barring habeas review.").  This rule is an independent and adequate state law ground that, if violated, serves as a procedural bar to preclude habeas review. *Downs v. Lane*, 657 F.3d 97, 102 (2d Cir. 2011); *Whitley*, 642 F.3d at 286–87; *see also Smith v. Keyser*, 17-CV-557, 2021 WL 84233, at *10 (E.D.N.Y. Jan. 11, 2021) (Mauskopf, J.).  Here, in moving to preclude the Rikers Island call, Petitioner did not object on grounds that any consent he may have provided was involuntary.  Accordingly, because Petitioner failed to move to preclude the call on that specific ground, that argument was unpreserved for appellate review.

A petitioner can overcome this bar on review only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.  To establish "cause" for the default, a habeas petitioner must show that "some objective factor external to the defense" impeded the petitioner's ability to present the claim. *Coleman*, 501 U.S. at 753.  Examples of such a scenario would be "that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). To establish "prejudice," a petitioner must show that " 'there is a reasonable probability' that the

result of the trial would have been different" absent the alleged constitutional violation.  *Stickler v. Greene*, 527 U.S. 263, 289 (1999) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).  Here, Petitioner makes no argument of cause or prejudice sufficient to overcome this procedural bar. Accordingly, this claim is denied.

Second, to the extent Petitioner claims the admission of the phone call at trial constituted a violation of his Fourth Amendment rights, this claim also fails.  Where, as here, "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus review is unavailable with regard to a contention that evidence recovered through an illegal search or seizure was introduced at trial.  *Stone v. Powell*, 428 U.S. 465, 481–482 (1976); *accord, e.g. Graham v. Costello*, 299 F.3d 129, 133–34 (2d Cir. 2002).  The Second Circuit has explained that all *Stone v. Powell* requires is that the State provide the petitioner the "opportunity" to litigate a Fourth Amendment claim.  *McPhail v. Warden, Attica Corr. Fac.*, 707 F.2d 67, 69–70 (2d Cir.1983).  As interpreted by the Second Circuit, *Powell* may allow a petitioner to receive habeas review of a Fourth Amendment claim if he can demonstrate either (1) that the State failed to provide any "corrective procedures" by which Fourth Amendment claims could be litigated; or (2) that the State had such procedures in place, but that the petitioner was unable to avail himself of those procedures "because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir.1992).

Here, Petitioner does not, and cannot, contend that New York failed to provide appropriate corrective procedures to address his Fourth Amendment claim.  Prior to trial, Petitioner asked the trial court to exclude the telephone call recording as inadmissible.  Tr. at 8. The trial judge reviewed the motion, discussed it with the parties and denied it on the record.  *Id.* Petitioner was provided an opportunity to challenge this order on appeal and obtained a

determination on the merits from the Appellate Division. *See People v. Chrisostome*, 167 A.D.3d at 645. Accordingly, the state courts have provided Petitioner a full and fair opportunity to raise his Fourth Amendment claim, and he has no right to federal habeas corpus review. *See Hogue v. Superintendent of Green Haven Corr. Facility*, 20-CV-1720, 2020 WL 4260995, at *8 (E.D.N.Y. July 24, 2020) (Cogan, J.) (holding Petitioner's contention that the recordings of his telephone calls from Rikers were improperly admitted into evidence at trial was not cognizable on federal habeas corpus review.).

Even if this Court were to review this claim, "there is no Supreme Court precedent even remotely suggesting that the recording and use at trial of in-custody, non-privileged telephone calls violates the Fourth Amendment, and thus petitioner could not meet the narrow standard for AEDPA relief." *Id.* Both the Second Circuit and the New York Court of Appeals have held that "prisoners' recorded telephone calls can be used in their prosecution as long as the prisoner received notice that the call was going to be monitored." *Id.*; *See, e.g.*, *United States. v. Friedman*, 300 F.3d 111, 122-23 (2d Cir. 2002). Accordingly, any Fourth Amendment claim brought by Petitioner is denied.

To the extent Petitioner claims the trial court should have excluded the Rikers Island call on due process or equal protection grounds, or that the trial court abused its discretion in admitting the call as an evidentiary matter, Petitioner's claims are meritless. The Appellate Division rejected this claim on the merits, finding the trial court's admission of the Rikers Island call "did not violate the defendant's constitutional rights to be free from unreasonable searches, to due process, and to equal protection." *People v. Chrisostome*, 167 A.D.3d at 645. Because this Court is satisfied that the Appellate Division's conclusion was not contrary to, nor involved a reasonable application of Supreme Court precedent, this claim is denied.

## II.      Petitioner's Second Claim

Petitioner's second claim is that he was denied due process and a fair trial by the trial court's refusal to order the government to turn over to the defense copies of all the recordings of Petitioner's other telephone calls he made from Rikers Island.  This claim fails because it is not cognizable on federal habeas review.  In rejecting the claim, the Appellate Division wrote,

> The Supreme Court properly denied the defendant's pretrial request to listen to recordings of other telephone calls he made from Rikers Island.  Under the circumstances of this case, the other recordings were not subject to the disclosure requirements of CPL 240.20 or 240.45.

*People v. Chrisostome*, 167 A.D.3d at 645.  This Court interprets Petitioner's third claim to be raising a *Rosario* claim.  Under *People v. Rosario*, 9 N.Y.2d 286 (1961), a New York State prosecutor must disclose any statement of a witness whom the prosecution intends to call at the hearing or trial, which is in the prosecutor's possession or control and relates to the subject matter of the witness' testimony.  A "*Rosario* claim is based on state law, and thus is not cognizable on federal habeas review."  *See Malloy v. Royce*, 19-CV-988, 2020 WL 6063809, at *9 (N.D.N.Y. Sept. 17, 2020) (Fleischmann, Mag.), *report and recommendation adopted*, 19-CV-0988, 2020 WL 6059747 (N.D.N.Y. Oct. 14, 2020) (Baxter, J.); *see also Danford v. Graham*, 12-CV-0201, 2014 WL 1412492, at *7 (N.D.N.Y. Apr. 11, 2014) (Singleton, J.) ("Federal Courts in New York have consistently held that a *Rosario* claim is a matter of state law not cognizable on habeas review.").  Accordingly, this Court may not review Petitioner's third claim.

However, if this Court were to proceed to the merits of Petitioner's *Rosario* claim it would nevertheless find the state court' rejection of this claim was neither contrary to, nor involved an unreasonable application of federal constitutional law.

To the extent Petitioner seeks to bring a *Brady* claim in his petition, this claim also fails

both because it is procedurally defaulted and meritless.  A claim is procedurally defaulted as a matter of federal habeas law if a state prisoner has failed to exhaust state remedies with respect to a claim but can no longer raise the claim in state court.  *See St. Helen v. Senkowski*, 374 F.3d 181, 182–83 (2d Cir. 2004); *Strogov v. Attorney General of the State of New York*, 191, F.3d 188, 191–93 (2d Cir. 1999); *Washington v. James*, 996 F.2d 1442, 1446–47 (2d Cir. 1993).  Petitioner did not raise a *Brady* claim on direct appeal, despite defense counsel having raised the prospect of a *Brady* violation in the trial court.  Moreover, Petitioner can no longer obtain review of this constitutional claim in state court.  Petitioner cannot raise this claim in a second direct appeal, because a defendant is entitled to only one direct appeal under New York law.  *See Aparicio v. Artuz*, 269 F.3d 78, 91(2d Cir. 2001).  Petitioner cannot raise this claim in a motion to vacate his judgment of conviction pursuant to Criminal Procedure Law § 440.10, because, in a 440.10 proceeding, a court is required to deny a claim if the claim could have been raised on direct appeal.  *See* N.Y. Crim. Proc. Law § 440.10(2)(c) (a 440 court must deny claim if sufficient facts appeared on the record so as to have permitted the claim to be reviewed on direct appeal).  Because Petitioner has already filed an appeal, and the *Brady* claim could have been raised in that direct appeal, and was not, any *Brady* claim Petitioner now wishes to bring is procedurally defaulted.

In any event, Petitioner's *Brady* claim is meritless.  AEDPA "provides that the federal court may proceed to deny an unexhausted habeas claim, if it is apparent that the claim is without merit.  28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  This Court is satisfied that any *Brady* violation Petitioner attempts to raise is plainly without merit.  The recordings of Petitioner's phone calls were not *Brady* material—

12

Petitioner was a party to the calls and was aware of their contents.

### III.   Petitioner's Third Claim

Petitioner's third claim concerns the charge to the jury at trial.  At the charge conference in state court, defense counsel asked the trial judge to provide a "one-witness" jury charge.  Tr. 210.  The Court denied the application and gave the "witness plus" charge to the jurors.  *Id.* 266–268.  Petitioner claims this was in error.  For the reasons that follow, this claim fails.

A state court's jury instructions are, under most circumstances, strictly a matter of state law, and "mere errors of state law are not the concern of" a federal court engaging in habeas review.  *Dugger v. Adams,* 489 U.S. 401, 410 (1989).  To establish entitlement to federal habeas corpus relief as a result of erroneous jury instructions, petitioner must demonstrate that the instructions "violated some right which was guaranteed to the defendant by the Fourteenth Amendment" and "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Harris v. Alexander,* 548 F.3d 200, 203 (2d Cir. 2008).  In evaluating an instruction, it "may not be judged in artificial isolation, but must be viewed in the context of the overall charge."  *Cupp,* 415 U.S. at 146–47; *see also Ivory v. Artus*, 06-CV-4932, 2008 WL 6953892, at *5 (E.D.N.Y. Oct. 14, 2008) (Gershon, J.).

In rejecting Petitioner's claim regarding the jury charge on direct appeal, the Appellate Division wrote,

> The defendant's contention that the Supreme Court improvidently exercised its discretion in denying his request for an expanded identification charge is without merit.  The instruction given sufficiently apprised the jury that the reasonable doubt standard applied to identification, and the charge as a whole was otherwise adequate to apprise the jury of the correct legal principles to be applied to the case.

*People v. Chrisostome*, 167 A.D.3d at 645 (internal citations omitted).  This Court is satisfied that the Appellate Division's rejection of this claim was not contrary to, nor did it involve an unreasonable application of federal constitutional law as determined by the Supreme Court.  This

Court is not aware of any Supreme Court precedent that requires a court to give an expanded

charge about how to consider identification in a one-eyewitness case.  The trial court here

instructed the jury that the government needed prove every element of the charged offenses,

including identity, beyond a reasonable doubt.  Tr. 266-68, 273–75, 279–87.  The trial court also

instructed the jury fully on its duty to determine the credibility of the witnesses.  Tr. 263–66.

Thus, the trial court provided the jury with an accurate statement of the law.  Petitioner does not

cite any Supreme Court precedent to support his claim that he was entitled under federal

constitutional law to a more expansive jury instruction on identification.  Accordingly, this claim

is denied.

## IV.    Petitioner's Fourth Claim

Petitioner's fourth and final claim is that the trial court "egregiously considered

Petitioner's citizenship and race in imposing sentence" and that this was "objectively

unreasonable."  Petition ¶ 8.  On direct appeal, Petitioner also argued the sentence imposed was

excessive.  In denying both claims on appeal, the Appellate Division wrote,

> The defendant failed to preserve for appellate review his contention that the
> Supreme Court considered improper factors in imposing sentence.  In any event,
> the defendant's contention is without merit.  The sentence imposed was not
> excessive.

*People v. Chrisostome*, 167 A.D.3d at 645 (internal citations omitted).  With respect to

Petitioner's claim that the trial court "egregiously considered Petitioner's citizenship and race in

imposing sentence," this claim is unreviewable in this Court because the Appellate Division

rejected the claim on an independent and adequate state ground, namely, that the claim was

unpreserved for appellate review.  *Id.*  With respect to Petitioner's claim that his sentence was

excessive, this claim does not provide a basis for federal habeas relief because "[n]o federal

constitutional issue is presented where, as here, the sentence is within the range prescribed by

state law." *Briggs v. Phillips*, 02-CV-9340, 2003 WL 21497514, at \*7 (S.D.N.Y. June 30, 2003) (Peck, Mag.) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992)).  Petitioner was convicted of Robbery in the First Degree, Robbery in the Second Degree, and Assault in the Second Degree.  The statutory maximum in New York state court for Robbery in the First Degree is 25 years.  Petitioner was sentenced to 10 years of imprisonment.  Because Petitioner's sentence was within the statutory norms under New York law, this claim does not pose a federal question.  *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."); *Rahman v. Graham*, 16-CV-5318, 2018 WL 9339953, at \*16 (S.D.N.Y. Sept. 14, 2018) (Lehrburger, Mag.), *report and recommendation adopted*, 16-CV-5318, 2019 WL 3802523 (S.D.N.Y. Aug. 13, 2019) (Preska, J.) ("When a habeas petitioner's sentence is within the statutory range, it is not reviewable on federal habeas corpus as excessive."); *France v. Artuz*, 98-CV-3850, 1999 WL 1251817 at \*7 (E.D.N.Y. Dec. 17, 1999) (Gleeson, J.) (holding that although defendant received maximum sentence, petitioner's sentence fell within state statutory standards and petitioner is not entitled to habeas relief); *Briecke v. New York*, 936 F. Supp. 78, 85 (E.D.N.Y. 1996) (Wexler, J.); *Chisholm v. Henderson*, 736 F. Supp. 444, 449 (E.D.N.Y. 1990) (McLaughlin, J.) ( holding that because sentence does not exceed maximum sentence permissible, ground for habeas relief is not available), *aff'd without op.*, 953 F.2d 635 (2d Cir. 1991).  Accordingly, Petitioner's fourth claim fails.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED in its entirety.  A certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253.  The Clerk of the Court is directed to serve notice of entry of this Order on all

parties and to close the case.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 13, 2021
        Brooklyn, New York